UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUSTYN MATTSON, SETH
MUSSELMAN, JASON RANDO and
DANIEL RIVERA,

      Plaintiffs,

v.                              Case No: 8:20-cv-1245-T-36AEP

WTS INTERNATIONAL, INC.,

      Defendant.
_____/

## **ORDER**

This matter comes before the Court *sua sponte*.  Plaintiffs filed a Complaint against Defendant alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  Doc. 1 ¶ 17. However, the Court cannot determine whether subject matter jurisdiction exists because Plaintiffs do not sufficiently establish that the amount in controversy exceeds the jurisdictional threshold.

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking.  *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").  "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties."  *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).  The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of

the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* § 1332(a)(1).

With respect to the amount in controversy requirement, "a conclusory allegation that the amount in controversy is satisfied is 'insufficient to sustain jurisdiction once that allegation is challenged.' " *First Acceptance Ins. Co., Inc. v. Hemphill*, No. 8:08-CV-2051-T-27TGW, 2009 WL 10671295, at *2 (M.D. Fla. July 28, 2009) (*citing Morrison v. Allstate Indemn. Co.*, 228 F.3d 1255, 1272 n. 17 (11th Cir. 2000)). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Metro. Prop. & Cas. Ins. Co. v. Bielling*, No. 5:06-CV-426-OC-10GRJ, 2007 WL 9719233, at *1 (M.D. Fla. Aug. 8, 2007); *Pappalardo v. Stevins*, No. 2:17-CV-346-FTM-99CM, 2017 WL 3088107, at *1 n.2 (M.D. Fla. July 20, 2017) (stating same with reference to *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). Generally, a court owes some deference to a diversity plaintiff's amount in controversy allegations, and should dismiss the suit for lack of jurisdiction only when "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938). Nonetheless, that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations. *Morrison*, 228 F.3d at 1272.

Additionally, it is the general rule that "if no single plaintiff's claim satisfies the amount-in-controversy requirement of $75,000, there can be no diversity jurisdiction.' " *Secure Restoration, Inc. v. Gemini Ins. Co.*, 16-81359-CIV, 2017 WL 5714579, at *2 (S.D. Fla. Oct. 19, 2017) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)).   An exception to this rule exists where "multiple plaintiffs have a *unified, indivisible interest* in some common fund that is the object of litigation, permitting them to add together, or 'aggregate,' their individual stakes to reach the amount in controversy threshold." *Id.* (quoting *Morrison*, 228 F.3d at 1261).

Here, Plaintiffs allege they were bartenders at Defendant's hospitality staffing and management company who were laid off on March 18, 2020.  Doc. 1 ¶¶22-24.  Defendant later notified Plaintiffs that they had signed non-compete agreements in effect, an assertion that Plaintiffs deny.  *Id.* ¶¶ 26, 29.  Therefore, Plaintiffs inquired about employment at a similar company.  *Id.* ¶ 41.  Defendant learned of the inquiries, advised the prospective employer and employment location that Plaintiffs were subject to a non-compete, and demanded several thousand dollars each to buy out Plaintiffs' purported non-compete agreements. *Id.* ¶¶ 43-44.  The prospective employer offered some, non-specified amount, but Defendant demanded a higher amount.  *Id.* ¶ 45.  Plaintiffs do not identify the amount requested by Defendant.  However, they allege claims for tortious interference and defamation *per se*, and request declaratory judgment and demand $1,000,000 in damages. *Id.* ¶¶ 78-110.

The facts alleged in the Complaint are not sufficient for this Court to determine that the jurisdictional threshold amount of $75,000 is met.  Plaintiffs have not indicated that they have a unified or indivisible interest in a common fund so as to aggregate their claim, or provided facts indicating that their damages, aggregated or not, exceed $75,000.  Instead, the Complaint is vague

as to the amounts involved in this case.  Because of this, the Court cannot determine whether the demand for $1,000,000 in damages is in good faith.

Accordingly, it is **ORDERED**:

Plaintiffs are directed to **SHOW CAUSE** as to why the Complaint (Doc. 1) should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order.  Additionally, Plaintiff may file an Amended Complaint, which cures the jurisdictional deficiencies, within **FOURTEEN (14) DAYS** from the date of this Order.  Failure to respond to this Order within the time provided will result in this action being dismissed.

**DONE AND ORDERED** in Tampa, Florida on June 18, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any